ANNIE BOYLE AND FRANCES DILLEY, PLAINTIFFS-RE-SPONDENTS, v. NATIONAL UNION BANK, DEFENDANT-APPELLANT.

Submitted June 1, 1927—Decided July 9, 1927.

**Gifts—Bank Account—Court Charged That There was No Evidence to be Relied Upon Regarding Withdrawals—Held, Error, as There was Such Evidence.**

On appeal from the Morris County Common Pleas Court.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the appellant, *King & Vogt* (*Elmer King*, of counsel).

For the respondents, *Leon E. Cone*.

Supreme Court—Elkay Realty Co. v. Redfern.

PER CURIAM.

This is the defendant's appeal from a judgment entered upon a verdict for the plaintiffs.

The appeal was dismissed by this court for failure to prosecute, but was subsequently reinstated, and is now before us for consideration.

The case was tried by plaintiffs upon the theory that there was a gift of the bank account in controversy by Patrick Boyle in his lifetime to the plaintiffs, and it was submitted to the jury upon that theory, and the jury evidently found a gift.

Manifestly, withdrawals of money from that account from time to time by Patrick Boyle, after such alleged gift, would tend to show his retention of dominion and control of the account, and so negative the plaintiffs' theory of a gift.

Now, the trial-judge charged that "there is no evidence in this case that you can rely on as to who made these withdrawals." In so charging the trial judge erred because there was ample evidence from which the jury could have properly concluded that these withdrawals, after the alleged gift, were made by Patrick Boyle. And that charge was not only erroneous but it was prejudicial to the defendant.

The judgment will be reversed and a *venire de novo* awarded.